UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALINA CALNAN, | **PRETRIAL SCHEDULING ORDER** |
| Plaintiff(s) | |
| v. | Case No.: 2:22-cv-00632 JAM AC |
| CVS PHARMACY, INC., | |
| Defendant(s) | |

After review of the Joint Status Report, the court makes the following order:

### SERVICE OF PROCESS

All parties defendant to this lawsuit have been served and no further service will be permitted except with leave of court, good cause having been shown.

### JOINDER OF ADDITIONAL PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown.

1

**JURISDICTION AND VENUE**

Jurisdiction and venue are not contested.

**FICTITIOUSLY-NAMED DEFENDANTS**

This action, including any counterclaims, cross-claims, and third party complaints is hereby DISMISSED as to all DOE or other fictitiously-named defendants.

**MOTION HEARINGS SCHEDULES**

All dispositive motions shall be filed by **5/19/2023**. Hearing on such motions shall be on **7/25/2023 at 1:30 PM.**

**The parties are reminded of the notice requirements as outlined in Local Rule 230(b).**

The time deadline for dispositive motions does not apply to motions for continuances, temporary restraining orders or other emergency applications.

All purely legal issues are to be resolved by timely pretrial motions. The parties are reminded that motions <u>in limine</u> are procedural devices designed to address the admissibility of evidence and are cautioned that the court will look with disfavor upon substantive motions presented at the final pretrial conference or at trial in the guise of motions <u>in limine</u>. The parties are further cautioned that if any legal issue which should have been tendered to the court by proper pretrial motion requires resolution by the court after the established law and motion cut-off date, substantial sanctions

may be assessed for the failure to file the appropriate pretrial motion.

### **MEET AND CONFER REQUIREMENT**

In any case where the parties are represented by counsel, counsel contemplating the filing of any motion, except (1) those in connection with discovery motions (which are governed by Local Rule 251(b)); (2) applications for temporary restraining orders or preliminary injunctions; or (3) motions made in prisoner actions (which are governed by Local Rule 230(l)), shall first contact opposing counsel to discuss thoroughly, *preferably in person*, the substance of the contemplated motion and any potential resolution.

If the proposed motion must be filed within a specified period of time under the Federal Rules of Civil Procedure (*e.g.*, a motion to dismiss pursuant to F.R.Cv.P. 12(b), or a new trial motion pursuant to F.R.Cv.P. 59(a)), then this conference shall take place at least five (5) days prior to the last day for filing the motion; otherwise, the conference shall take place at least ten (10) days prior to the filing of the motion.

If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion the following statement:

> **"This motion is made following the conference of counsel pursuant to the Court's standing order which took place on [date of conference]."**

1    The purpose of the meet and confer process is to: (1)
2 determine whether the respondent agrees that the motion has merit
3 in whole or in part; (2) discuss whether issues can be resolved
4 without the necessity of briefing; (3) narrow the issues for
5 review by the Court; and (4) explore the possibility of
6 settlement before the parties incur the expense of briefing a
7 motion.
8    Failure to comply with the meet and confer requirement will
9 result in the dismissal, without prejudice, of the offending
10 party's motion.
11   Unless prior permission has been granted, memoranda of law
12 in support of and in opposition to motions under F.R.Cv.P. 56 and
13 65 and any post-judgment or post-trial motions are limited to
14 twenty-five (25) pages, and reply memoranda are limited to ten
15 (10) pages. Memoranda of law in support of and in opposition to
16 all other motions are limited to fifteen (15) pages, and reply
17 memoranda are limited to five (5) pages. The parties are also
18 cautioned against filing multiple briefs to circumvent this rule.
19   A violation of this Order will result in monetary sanctions
20 being imposed against counsel in the amount of $50.00 per page
21 and the Court will not consider any arguments made past the page
22 limit.
23   Documentary evidence submitted in support of or in
24 opposition to a motion must be separately bound or placed in a
25 binder, and exhibits must be separated with labeled tabs that
26 extend beyond the edge of the page. An Index of exhibits must
27 also be included.
28

At least 28 days before the dispositive motions filing deadline, the parties must meet and confer to determine whether they intend to file cross motions for summary judgment.  If the parties do intend to file cross motions, the plaintiff must file the opening brief for summary judgment at least 14 days before the dispositive motions filing deadline.  The plaintiff's concurrently-filed notice of motion shall indicate the parties' intention to file cross motions and shall notice a hearing date at least 42 days from the date of filing.  The briefing schedule will be as follows.  Only four briefs shall be filed:

(1) Plaintiff's opening brief (25 pages maximum), along with any other documents required or permitted under Local Rule 260, shall be filed at least 14 days before the dispositive motions filing deadline;

(2) Defendant's opposition and cross motion for summary judgment (35 pages maximum) shall be filed at least 28 days before the hearing;

(3) Plaintiff's reply and opposition (20 pages maximum) shall be filed at least 14 days before the hearing;

(4) Defendant's reply (10 pages maximum) shall be filed at least 7 days before the hearing.

These are the only four briefs that may be filed, even if the parties move for summary judgment on more than one complaint (e.g., motions on a complaint and a counterclaim).  The parties must obtain permission from the Court to exceed the stated page limitations.  The parties are reminded that they may not file a

reply to a Response of the Statement of Undisputed Facts. Parties are advised to carefully read Local Rule 260, which permits an opposing party to file only (1) a Statement of Disputed Facts and (2) a Response to the Statement of Undisputed Facts (with the moving party's Statement of Undisputed Facts reproduced and then admitted or denied, with citations). If the parties do not comply with this procedure and schedule for filing cross motions for summary judgment, but nonetheless file cross motions, the Court will deny both motions without prejudice and may impose sanctions.

## **DISCOVERY**

All discovery shall be completed by **4/7/2023**. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.

## **DISCLOSURE OF EXPERT WITNESSES**

The parties shall make expert witness disclosures under F.R.Cv.P. 26(a)(2) by **2/10/2023**. Supplemental disclosure and disclosure of any rebuttal experts under F.R.Cv.P. 26(a)(2)(c) shall be made by **3/24/2023**.

Failure of a party to comply with the disclosure schedule as set forth above in all likelihood will preclude that party from calling the expert witness at the time of trial absent a showing that the necessity for the witness could not have been reasonably

anticipated at the time the disclosures were ordered and that the failure to make timely disclosure did not prejudice any other party. See F.R.Cv.P. 37(c).

All experts designated are to be fully prepared at the time of designation to render an informed opinion, and give their reasons therefore, so that they will be able to give full and complete testimony at any deposition taken by the opposing parties. Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation.

**JOINT MID-LITIGATION STATEMENTS**

Not later than fourteen (14) days prior to the close of discovery, the parties shall file with the court a brief joint statement summarizing all law and motion practice heard by the court as of the date of the filing of the statement, whether the court has disposed of the motion at the time the statement is filed and served, and the likelihood that any further motions will be noticed prior to the close of law and motion. The filing of this statement shall not relieve the parties or counsel of their obligation to timely notice all appropriate motions as set forth above.

**FINAL PRETRIAL CONFERENCE**

The final pretrial conference is set for **9/1/2023 at 10:00 AM.** In each instance an attorney who will try the case for a given party shall attend the final pretrial conference on behalf of that party; provided, however, that if by reason of illness or

1  other unavoidable circumstance the trial attorney is unable to
2  attend, the attorney who attends in place of the trial attorney
3  shall have equal familiarity with the case and equal
4  authorization to make commitments on behalf of the client.  All
5  pro se parties must attend the pretrial conference.
6      Counsel for all parties and all pro se parties are to be
7  fully prepared for trial at the time of the pretrial conference,
8  with no matters remaining to be accomplished except production of
9  witnesses for oral testimony.  The parties shall file with the
10 court, no later than seven days prior to the final pretrial
11 conference, a joint pretrial statement.
12     ***Also, at the time of filing the Joint Pretrial Statement,***
13 ***counsel are requested to e-mail the Joint Pretrial Statement and***
14 ***any attachments in Word format to Judge Mendez' assistant, Jane***
15 ***Klingelhoets at: jklingelhoets@caed.uscourts.gov.***
16     Where the parties are unable to agree as to what legal or
17 factual issues are properly before the court for trial, they
18 should nevertheless list all issues asserted by any of the
19 parties and specifically identifying the disputes concerning such
20 issues.  The provisions of Local Rule 281 shall, however, apply
21 with respect to the matters to be included in the joint pretrial
22 statement.  Failure to comply with Local Rule 281, as modified
23 herein, may be grounds for sanctions.
24     The parties are reminded that pursuant to Local Rule
25 281(b)(10) and (11) they are required to list in the final
26 pretrial statement all witnesses and exhibits they propose to
27 offer at trial, no matter for what purpose.  These lists shall
28 not be contained in the body of the final pretrial statement

itself but shall be attached as separate documents so that the court may attach them as an addendum to the final pretrial order. The final pretrial order will contain a stringent standard for the offering at trial of witnesses and exhibits not listed in the final pretrial order, and the parties are cautioned that the standard will be strictly applied.  On the other hand, the listing of exhibits or witnesses that a party does not intend to offer will be viewed as an abuse of the court's processes.

The parties are also reminded that pursuant to F.R.Cv.P. 16, it will be their duty at the final pretrial conference to aid the court in: (a) formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) settling of facts which should properly be admitted; and (c) the avoidance of unnecessary proof and cumulative evidence.  Counsel must cooperatively prepare the joint pretrial statement and participate in good faith at the final pretrial conference with these aims in mind.  A failure to do so may result in the imposition of sanctions which may include monetary sanctions, orders precluding proof, elimination of claims or defenses, or such other sanctions as the court deems appropriate.

**TRIAL SETTING**

Jury trial in this matter is set for **10/16/2023 at 9:00 AM**. The parties estimate an approximate ten (10) day trial.

**SETTLEMENT CONFERENCE**

No Settlement Conference is currently scheduled.  If the parties wish to have a settlement conference, one will be

scheduled at the final pretrial conference or at an earlier time upon request of the parties.

**OBJECTIONS TO PRETRIAL SCHEDULING ORDER**

This Status Order will become final without further Order of Court unless objection is lodged within seven (7) days of the date of the filing of this Order.

IT IS SO ORDERED.

Dated:  June 6, 2022          /s/ John A. Mendez
                              THE HONORABLE JOHN A. MENDEZ
                              UNITED STATES DISTRICT COURT JUDGE