1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10

11   HALINA CALNAN,                    )   Case No. 2:22-CV-00632 JAM-AC
                                        )
12                  Plaintiff,          )   **AMENDED PRETRIAL**
                                        )   **CONFERENCE ORDER**
13        v.                            )
                                        )
14   CVS PHARMACY, INC., and DOES 1-    )
     50, inclusive,                     )
15                                      )
                    Defendants.         )
16   _____)

17        Pursuant to court order, a Pretrial Conference was held on

18   November 21, 2023 before Judge John Mendez.  Geoffrey Wm. Steele

19   appeared as counsel for plaintiff; Derek S. Davis and Charles H.

20   Bolcom appeared as counsel for defendants.  After hearing and

21   submission of additional papers by the parties, the Court makes the

22   following amended findings and orders:

### I. JURISDICTION/VENUE

24        Jurisdiction is predicated upon diversity and has previously

25   been found to be proper by order of this court, as has venue.

26   Those orders are confirmed.

### II. JURY/NON-JURY

28        Both parties have demanded a jury trial.

1

1                  III.  <u>STATEMENT TO BE READ TO JURY</u>

2       No later than January 2, 2024, the parties shall E-file a

3 joint statement of the case that may be read to the jury at the

4 beginning of jury selection.

5                    IV.  <u>UNDISPUTED FACTS</u>

6     [Parties are to submit any such facts to the Court.]

7               V.  <u>DISPUTED FACTUAL ISSUES</u>

8    <u>Plaintiff's Disputed Facts</u>:

9       Defendant filed a Motion for Summary Judgment schedule for

10 October 31, 2023, wherein Defendant has contested all facts and

11 liability relating to the existence of a dangerous condition; that

12 CVS had actual or constructive notice of the dangerous condition;

13 and CVS' failure to warn of the pallet as a dangerous condition

14 caused Plaintiff's injuries.  Defendant has also made reference in

15 its expert disclosure as to expert testimony regarding the impact

16 of alcohol consumption on Plaintiff at the time of the incident on

17 December 31, 2019.  The Court denied the Summary Judgment Motion in

18 its entirety on October 31, 2023.

19    <u>Defendant's Disputed Facts</u>:

20       Defendant disputes that Plaintiff can demonstrate 1) the

21 existence of a dangerous condition, 2) actual and constructive

22 notice of the dangerous condition with sufficient time to address

23 it and 3) the nature and extent of Plaintiff's injuries and

24 Defendant's fault in causing those injuries.

25             VI.  <u>DISPUTED EVIDENTIARY ISSUES</u>

26    <u>Plaintiff's Disputed Evidentiary Issues</u>:

27       Plaintiff does not anticipate any evidentiary issues relating

28 to the admission of physical evidence or lay and expert testimony

1  relating to the causation and existence of the hazardous and

2  dangerous condition that existed at the time of Plaintiff's

3  injuries.

4  Defendant has disclosed 2 retained medical experts for

5  testimony relating to Plaintiff's medical records, depositions and

6  other evidence in this case, the cause of Plaintiff's issues and

7  physical limitations and general causation, damages and rebuttal

8  testimony.   Nonexperts have been disclosed to dispute the existence

9  of a hazardous condition at the store at the time of the incident.

10  Defendant's Disputed Evidentiary Issues:

11  A.   Photographic Evidence of the Product Display

12  Defendant contends Plaintiff has not authenticated

13  photographic evidence to show the alleged condition and location of

14  the product display either before or after the incident.

15  B.   Plaintiff Expert Zachary Moore's Report

16  Defendant contends Plaintiff Expert Zachary Moore's report is

17  not admissible because Mr. Moore's report provides legal

18  conclusions that are not based on facts in the record.   In

19  addition, Defendant contends Mr. Moore's expert report tries to

20  establish facts that are not part of the record.

21  VII.  RELIEF SOUGHT

22  Plaintiff's Submission:

23  Plaintiff is seeking $2.75 million in damages.

24  Defendant's Submission:

25  Defendant disputes Plaintiff's damages and contends Plaintiff

26  has not met her burden of proof.

27  VIII.  POINTS OF LAW

28  Trial briefs may be E-filed with the court no later than

1  January 2, 2024.  Any points of law not previously argued to the

2  Court should be briefed in the trial briefs.

3                          IX. ABANDONED ISSUES

4       The parties are not aware of any abandoned issues in this

5  case.

6                          X. WITNESSES

7       Plaintiff's witness list is attached to this Pretrial

8  Conference Order as Exhibit A.

9       Defendant's amended witness list is attached to this Pretrial

10 Conference Order as Exhibit B.

11      Each party may call a witness designated by the other.

12      A.   No other witnesses will be permitted to testify unless:

13           (1)   The party offering the witness demonstrates that the

14 witness is for the purpose of rebutting evidence which could not be

15 reasonably anticipated at the Pretrial Conference, or

16           (2)   The witness was discovered after the Pretrial

17 Conference and the proffering party makes the showing required in

18 "B" below.

19      B.   Upon the post-Pretrial discovery of witnesses, the

20 attorney shall promptly inform the court and opposing parties of

21 the existence of the unlisted witnesses so that the court may

22 consider at trial whether the witnesses shall be permitted to

23 testify.  The evidence will not be permitted unless:

24           (1)   The witnesses could not reasonably have been

25 discovered prior to Pretrial;

26           (2)   The court and opposing counsel were promptly

27 notified upon discovery of the witnesses;

28           (3)   If time permitted, counsel proffered the witnesses

4

1 for deposition;

2       (4)   If time did not permit, a reasonable summary of the

3 witnesses' testimony was provided opposing counsel.

4       XI. <u>EXHIBITS, SCHEDULES AND SUMMARIES</u>

5     Plaintiff's exhibit list is attached to this Pretrial

6 Conference Order as Exhibit C.

7     Defendant's amended exhibit list is attached to this Pretrial

8 Conference Order as Exhibit D.

9     Each party may use an exhibit designated by the other.

10     A.   No other exhibits will be permitted to be introduced

11 unless:

12       (1)   The party proffering the exhibit demonstrates that

13 the exhibit is for the purpose of rebutting evidence which could

14 not be reasonably anticipated at the Pretrial Conference, or

15       (2)   The exhibit was discovered after the Pretrial

16 Conference and the proffering party makes the showing required in

17 paragraph "B," below.

18     B.   Upon the post-Pretrial discovery of exhibits, the

19 attorneys shall promptly inform the court and opposing counsel of

20 the existence of such exhibits so that the court may consider at

21 trial their admissibility.   The exhibits will not be received

22 unless the proffering party demonstrates:

23       (1)   The exhibits could not reasonably have been

24 discovered prior to Pretrial;

25       (2)   The court and counsel were promptly informed of

26 their existence;

27       (3)   Counsel forwarded a copy of the exhibit(s) (if

28 physically possible) to opposing counsel.   If the exhibit(s) may

1  not be copied, the proffering counsel must show that he has made

2  the exhibit(s) reasonably available for inspection by opposing

3  counsel.

4      As to each exhibit, each party is ordered to exchange copies

5  of the exhibit not later than fourteen (14) days before trial.

6  Each party is then granted five (5) days to file and serve

7  objections to any of the exhibits.  In making the objection, the

8  party is to set forth the grounds for the objection.  The parties

9  shall pre-mark their respective exhibits in accord with the Court's

10  Pretrial Order.  Exhibit stickers may be obtained through the

11  Clerk's Office.  An original and one (1) copy of the exhibits shall

12  be presented to M York, Deputy Courtroom Clerk, at 8:30 a.m. on the

13  date set for trial or at such earlier time as may be agreed upon.

14  M York can be contacted at (916) 930-4091 or via e-mail at:

15  myork@caed.uscourts.gov.  As to each exhibit which is not objected

16  to, it shall be marked and may be received into evidence on motion

17  and will require no further foundation.  Each exhibit which is

18  objected to will be marked for identification only.

XII. <u>DISCOVERY DOCUMENTS</u>

20      [Parties are to identify specific discovery documents, if any,

21  they intend to use in the case in chief.]

XIII. <u>FURTHER DISCOVERY OR MOTIONS</u>

23      Pursuant to the court's Status Conference Order, all discovery

24  and law and motion was to have been conducted so as to be completed

25  as of the date of the Pretrial Conference.  That order is

26  confirmed.  The parties are free to do anything they desire

27  pursuant to informal agreement.  However, any such agreement will

28  not be enforceable in this court.

6

## XIV. STIPULATIONS

None at issue.

## XV. AMENDMENTS/DISMISSALS

None at the present time.

## XVI. FURTHER TRIAL PREPARATION

A.    Counsel are directed to Local Rule 285 regarding the contents of trial briefs.  Such briefs may be E-filed on or before January 2, 2024.

B.    Counsel are further directed to confer and to attempt to agree upon a joint set of jury instructions.  The joint set of instructions shall be lodged via ECF with the court clerk on or before January 2, 2024 and shall be identified as the "Jury Instructions Without Objection."  As to instructions as to which there is dispute the parties shall submit the instruction(s) via ECF as its package of proposed jury instructions also on or before January 3, 2024.  This package of proposed instructions should not include the "Jury Instructions Without Objection" and should be clearly identified as "Disputed Jury Instructions" on the proposed instructions.

The parties shall e-mail a set of all proposed jury instructions in word format to the Court's Judicial Assistant, Jane Hayes, at: jhayes@caed.uscourts.gov.

C.    It is the duty of counsel to ensure that a hard copy of any deposition which is to be used at trial has been lodged with the Clerk of the Court pursuant to Local Rule 133(j).  The depositions shall be lodged with the court clerk no later than January 2, 2024.  Counsel are cautioned that a failure to discharge this duty may result in the court precluding use of the deposition

7

1  or imposition of such other sanctions as the court deems

2  appropriate.

3      D.    The parties are ordered to E-file with the court and

4  exchange between themselves no later than January 2, 2024, a

5  statement designating portions of depositions intended to be

6  offered or read into evidence (except for portions to be used only

7  for impeachment or rebuttal).

8      E.    The parties are ordered to E-file with the court and

9  exchange between themselves no later than January 2, 2024, the

10  portions of Answers to Interrogatories and/or Requests for

11  Admission which the respective parties intend to offer or read into

12  evidence at the trial (except portions to be used only for

13  impeachment or rebuttal).

14      F.    Each party may submit proposed voir dire questions the

15  party would like the court to put to prospective jurors during jury

16  selection.  Proposed voir dire should be submitted via ECF no later

17  than January 2, 2024.

18      G.    Each party may submit a proposed verdict form that the

19  party would like the Court to use in this case.  Proposed verdict

20  forms should be submitted via ECF no later than January 2, 2024.

21      H.    In limine motions shall be E-filed separately on or

22  before December 29, 2023.  Opposition briefs shall be E-filed on or

23  before January 3, 2024.  No reply briefs may be filed.

### XVII. SETTLEMENT NEGOTIATIONS

No further formal Settlement Conference will be set in this
case at this time.

### XVIII. AGREED STATEMENTS

See paragraph III, *supra*.

1            XIX.  SEPARATE TRIAL OF ISSUES

2      None.

3          XX.  IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

4      None.

5                    XXI.  ATTORNEYS' FEES

6      The matter of the award of attorneys' fees to prevailing

7  parties pursuant to statute will be handled by motion in accordance

8  with Local Rule 293.

9                    XXII.  MISCELLANEOUS

10         Not applicable.

11         XXIII.  ESTIMATE OF TRIAL TIME/TRIAL DATE

12     The parties estimate three (3) to five (5) court days for

13  trial.  Trial will commence on or about January 8, 2024, at 9:00

14  a.m.

15     Counsel are to call M York, Deputy Courtroom Clerk, at

16  (916) 930-4091, ten (10) days prior to trial to ascertain the

17  status of the trial date.

18     IT IS SO ORDERED.

19  DATED: December 1, 2023

20                                _____

21                                JOHN A. MENDEZ
                                  Senior United States District Judge

22

23

24

25

26

27

28

<u>EXHIBIT A</u>

1

# EXHIBIT A

2   Plaintiff's Witness List

3      1.  Halina Calnan, 157 Livingston Street, Fort Bragg, California.

4      2.  Stephen Calnan, 645 North Harold Street, Fort Bragg, California.

5      3.  Houda Hendow Amso, 456 Seahorse Drive, Vallejo, California.

6      4.  Ruth Carver, 502 Breck Court, Benicia, California.

7      5.  Maria Teresa Matthew, 575 Cooper Drive, Benicia, California.

8      6.  Christopher Lee Walsh, 42 Adelaide Drive, Martinez, California.

9      7.  Sharon Boyer Davis, 1900 Ascot Parkway, Apartment 423, Vallejo, California.

10     8.  Luan Nguyen, 2157 Gold Poppy Street, Brentwood, California.

11     9.  Robert J. Purchase, M.D., (Expert Witness), Purchase Orthopedic Clinic, 770 Tamalpais

12        Drive, Suite 310, Corte Madera, California.

13     10. Tyler Clark, M.D., (Expert Witness), Muir Orthopedic Specialists, 2405 Shadelands,

14        Walnut Creek, California.

15     11. Walter Zaks, M.D., (Expert Witness), Family Health Center of Benicia, 1440 Military

16        West #101, Benicia, California.

17     12. Brittany Ramirez, M.D., (Expert Witness), Adventist Health Mendocino Coast, 721 River

18        Drive, Suite A, Fort Bragg.

19     13. Zachary M. Moore, P.E., DFE, CXLT; (Expert Witness), Aperture, LLC, 2295 San Pablo

20        Avenue, Berkeley, California.

21     14. Plaintiff reserves the right to call impeachment and/or rebuttal witnesses not listed herein.

22

23

24

25

26

27

28

---

**EXHIBIT A – PLAINTIFF'S WITNESS LIST TO PRETRIAL STATEMENT**      **CASE NO.: FCS057633**

EXHIBIT B

**EXHIBIT B**

**DEFENDANT'S TRIAL WITNESS LIST**

1.  John Ticer, Longs Drug Stores California, L.L.C., 2100 Columbus Parkway, Benicia, California 94510.

2.  Sharon Boyer-Davis, Longs Drug Stores California, L.L.C., 2100 Columbus Parkway, Benicia, California 94510.

3.  Christopher Walsh, Longs Drug Stores California, L.L.C., 2100 Columbus Parkway, Benicia, California 94510.

4.  Halina Calnan, 157 Livingston Street, Fort Bragg, California; c/o Geoffrey Steele, Esq, Steele Law Group, Citrus Plaza, 3021 Citrus Circle, Suite 140, Walnut Creek, CA 94598.

5.  John Alan Scolaro, M.D., M.A., University of California, Irvine Department or Orthopaedic Surgery, 101 The City Drive South Pavilion III – 2nd Floor, Orange, CA 98268.

6.  Frank Lo Vecchio, D.O., MPH, FACEP, AC, MT 301 West Georgia Avenue, Phoenix, AZ 85013.

7.  Dr. Zita Latona, Family Health 2400 Balfour Road, Suite 201, Brentwood, CA 94513.

8.  Dr. Walter Zacks, M.D., Family Health Center of Benicia, 1440 Military West, #101, Benicia, California.

9.  Tyler Clark, M.D., Muir Orthopedic Specialists, 2405 Shadelands, Walnut Creek, CA.

10. Devron Char, M.D., 45 Castro Street, Suite 309, San Francisco, CA 94114.

11. Cesar Kyle Luo, M.D., Bay Area Retina Associates, 4049 Lone Tree Way, Suite I/J, Antioch, CA 94531.

12. Person Most Knowledgeable and/or the Custodian of Records of Bay Area Retina Associates, 4049 Lone Tree Way, Suite I/J, Antioch, CA 94531.

13. Dr. Joseph Kuo, M.D., Muir Orthopedic Specialists, 2625 Shadelands Drive, Suite 210, Walnut Creek, CA 94598.

///

1    14.    Tamara Martinez, of Muir Orthopaedics – 2625 Shadelands Drive, Walnut Creek,

2   CA 94598.

3    15.    Aaron Zaks, M.D., Family Health Center of Benicia, 1440 Military West, #101,

4   Benicia, California.

5    Defendant also cross designates and reserves the right to elicit and/or offer testimony

6   from any fact witness or expert identified and/or designated by Plaintiff and/or any other party.

7   With regard to expert witnesses, the subject matter about which each expert is expected to testify

8   is contained within each expert's records and/or reports or within the subject matter identified by

9   such parties as set forth in their expert designations, disclosure statements, depositions and/or

10   discovery responses.

11    Defendant additionally reserves the right to elicit expert testimony and/or lay opinion

12   testimony that would assist the jury and/or Court in determining material fact issues that would

13   not violate the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence.

14    Defendant further reserves any additional rights it may have regarding designation of fact

15   witnesses and expert witnesses under the Federal Rules of Civil Procedure, Federal Rules of

16   Evidence, and/or any other case law or ruling of this Honorable Court.

17    Defendant reserves the right to call impeachment and/or rebuttal witnesses not listed

18   herein and Defendant further states that Defendant is providing this list based on what it

19   reasonably anticipates to be the witnesses it will be calling but with the understanding that its

20   witnesses are dependent on the Plaintiff's case and the evidence presented by Plaintiff.

21

22

23

24

25

26

27

28

EXHIBIT C

# EXHIBIT C

Plaintiff's Exhibit List

1. Plaintiff Halina Calnan's September 27, 2022, deposition transcript and exhibits.

2. Christopher Walsh's September 29, 2022, deposition transcript and exhibits.

3. Luan Nguyen's May 9, 2023, deposition transcript and exhibits.

4. Sharon Boyer-Davis's September 29, 2022, deposition transcript and exhibits.

5. Compliance Checklist for Store 9761, dated December 31, 2019, attached as Exhibit 1 to the September 15, 2023, Declaration of Christopher Walsh in support of Motion for Summary Judgment, entered by John Ticer, Jr.

6. The unedited Compliance Checklist for Store 9761, dated December 31, 2019. (Document numbers CVS 000446).

7. CVS Operations Manual – Opening and Closing the Store. (Document numbers CVS 000427 to CVS 000430).

8. Photograph taken by an unidentified CVS employee which showed the pallet at the time of the incident. (Document number CVS 000425).

9. Photograph taken by an unidentified CVS employee which showed the leg injury of Plaintiff at the time of the incident. (Document number CVS 000426).

10. Halina Calnan's letter to CVS Headquarters, dated January 13, 2020. (Document number PLTF_1).

11. Halina Calnan's medical records. (Document bates PLTF_2 to PLTF_6; PLTF_16 to PLTF_42; PLTF_156 to 174; PLTF_179 to PLTF_182; PLTF_207 (x-ray); PLTF_224 to PLTF_230;)

12. The Expert report of Dr. Robert J. Purchase, M.D., Board Certified Orthopaedic Surgeon, Purchase Orthopaedic Clinic, 770 Tamalpais Dr., #310, Corte Madera, CA 94925. (Document numbers PLTF_184 to PLTF_188).

13. Pictures of Halina Calnan's injury. (Document numbers PLTF_189 to PLTF_215).

14. Halina Calnan's medical billing records. (Document numbers PLTF_7 to PLTF_9; PLTF_11; PLTF_13 to PLTF_15; PLTF_183; PLTF_216 to PLTF_223; PLTF_231 to

1    PLTF_233).

2    15. The Expert report of Zachary M. Moore, P.E., DFE, CXLT; Aperture, LLC, 2295 San

3        Pablo Avenue, Berkeley, California, 94702.

4    16. Defendant Longs Drug Stores California, L.L.C.'s Responses and Objections to

5        Plaintiff's Request for Production of Documents, Set Two, Set One, dated September 6,

6        2022 including Defendant's document production CVS 000001 to CVS 000446.

7    17. Defendant Longs Drug Stores California, L.L.C.'s Responses and Objections to

8        Plaintiff's Interrogatories, Set One, dated September 19, 2022.

9    18. Defendant Longs Drug Stores California, L.L.C.'s Responses and Objections to

10       Plaintiff's Request for Production of Documents, Set Two, Set One, dated September 19,

11       2022 including Defendant's document production CVS 000001 to CVS 000446.

12   19. Defendant Longs Drug Stores California, L.L.C.'s Responses and Objections to

13       Plaintiff's Interrogatories, Set Two, dated May 3, 2023.

14   20. Defendant Longs Drug Stores California, L.L.C.'s Responses and Objections to

15       Plaintiff's Request for Production of Documents, Set Three, dated May 3, 2023.

16   21. Declaration of Christopher Walsh in Support of Motion for Summary Judgment with

17       exhibits, dated September 15, 2023.

18

19

20

21

22

23

24

25

26

27

28

---

**Exhibit C – PLAINTIFF'S EXHIBIT LIST TO PRETRIAL STATEMENT**          **CASE NO.: FCS057633**

<u>EXHIBIT D</u>

1

**EXHIBIT D**

2

**DEFENDANT'S EXHIBIT LIST**

3        A.     Compliance Checklist Store 09761 – 12/31/2019 - Bates Labeled CVS 000440 –

4 CVS 000443.

5        B.     Compliance Checklist – Bates Labeled CVS 000446.

6        C.     General Liability Claim - CVS 000431 – CVS 000435.

7        D.     Store Operations Opening and Closing Manual CVS 000427 – CVS 000430.

8        E.     Dr. John Alan Scolaro's Curriculum Vitae.

9        F.     Dr. John Alan Scolaro's Report.

10        G.     Dr. Frank Lo Vecchio's Curriculum Vitae.

11        H.     Dr. Frank Lo Vecchio's Report.

12        I.     Family Medical Records Visit with Dr. Zita R. Latona, M.D. on August 10, 2016

13 CVS 000086 – CVS 000088.

14        J.     Bay Area Retina Associates, CVS 000025 – CVS 000034; CVS 000045 – CVS

15 000046.

16        K.     CVS Store Videos - CVS 000436 – CVS 000438.

17        L.     Prior Claims – CVS 000444 –CVS 000445.

18        M.     Deposition and exhibits of Plaintiff Halina Calnan, taken September 27, 2022

19        N.     Deposition and exhibits of Sharon Boyer-Davis' September 29, 2022

20        O.     Plaintiff's Bates No. Documents: PLTF_227-PLTF_230.

21        P.     Plaintiff's Responses to Defendant Interrogatories, August 4, 2022.

22        Q.     Muir Orthopaedic Specialists Records and Bills Bates labeled CVS 000329 –

23 CVS 000355.

24        R.     John Muir Medical Center – Concord Records and Bills Bates labeled CVS

25 000356 – CVS 000421.

26        S.     Plaintiff's Responses to Defendant Longs Interrogatories, Set 1; Interrogatory No.

27 4, page 3 lines 14 -28; page 4, lines 1-28; page 5 lines 1-4.

28 ///

Page 1 – Exhibit D -Defendant's Exhibit List        Case No. 2:22—CV-00632-JAM-AC

1    T.    Plaintiff's Response to Defendant Longs' Interrogatory No. 6, page 5, lines 9
2  through 12.
3    U.    Plaintiff's Response to Defendant Longs' Interrogatory No. 7, page 5, lines 13
4  through 7.
5    V.    Plaintiff's Response to Defendant Longs' Interrogatory No. 22, page 8, lines 23-
6  28; page 9 lines 1-28; page 10; 1-24.
7    W.    Plaintiff's Response to Defendant Longs' Interrogatory No. 24, page 11 lines 1-7.
8    X    Plaintiff's Response to Defendant Longs' Interrogatory No. 25, page 11 lines 8-
9  20.
10    Y.    Family Health Center Records and Bills Bates labeled CVS 000001 – CVS
11  000328.

12    Defendant further reserves the right to introduce documents not listed herein for purposes
13  of impeachment and/or rebuttal.  Defendant further states that Defendant is providing this list
14  based on what it reasonably anticipates to be the documents it will be introducing but with the
15  understanding that its documents are dependent on the Plaintiff's case and the evidence
16  presented by Plaintiff.

17
18
19
20
21
22
23
24
25
26
27
28